DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS

IRA L. FRANK, and ALL            )
SIMILARLY SITUATED PERSONS       )
                                 )
              Plaintiff,         )
                                 )
        v.                       )
                                 )          Civil No. 2009-66
GOVERNMENT OF THE VIRGIN         )
ISLANDS, and BERNADETTE          )
WILLIAMS, acting tax assessor    )
                                 )
              Defendants.        )
_____)


ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
St. Thomas, U.S.V.I.
      *For the plaintiff.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
      *For the defendants.*

## MEMORANDUM OPINION

Before the Court is the motion by the Government of the
Virgin Islands and Bernadette Williams (collectively "the
Defendants") to dismiss this matter pursuant to Federal Rules of
Civil Procedure 12(b)(1) and 12(b)(6).

## I. FACTS

Frank is the owner of a fractional interest in two
residential real properties on St. Thomas. His interest in these
properties is commonly known as time-share ownership. The first
time-share property is known as Bluebeard's Castle Hilltop Unit

214, week 46, Tax Assessor's Parcel Identification number 1-05402-1034-BT (the "Hilltop unit"). The second is known as Bluebeard's Castle Pirates' Pension Unit 407, week 31, Tax Assessor's Parcel Identification number 1-05402-1043-PE (the "Pirates' Pension unit").

Frank received tax bills for the 1998-2006 tax years for the Hilltop unit and for the 2005 and 2006 tax years for the Pirates' Pension unit. He asserts that substantially similar units at the Hilltop and Pirates' Pension properties received widely varying assessment values. After tendering payment for his tax bills for these units, he requested review of several assessments by sending appeals to the Virgin Islands Board of Tax Review ("Board of Tax Review").

In 2001, 2002, 2003, and 2004 the Hilltop unit was assessed at $14,247, $14,510, $14,510, and $ 14,309, respectively. Frank appealed these assessments to the Board of Tax Review (the "Board"). He also appealed the 2005 and 2006 tax bills for the Hilltop unit and the 2005 and 2006 tax bills for his Pirates' Pension unit. Frank alleges that he did not receive a timely hearing for any of his appeals, and furthermore, was not provided a hearing within sixty days of filing as required under Virgin Islands law.

On March 13, 2009, the Board of Tax Review heard Frank's

appeals for the Hilltop 2001-2004 tax assessments.[1]

Following the March 13, 2009 the Board reduced the
assessment for the years 2001, 2002, and 2003 to $7,000 for each
year. The assessment for 2004 was reduced to $6,000. Frank avers
that he has not yet received a refund of the amount he has
overpaid in taxes given the reductions in his assessed values.
Frank also notes that he has not yet received any determination
about the 1999, 2000, and 2006 assessments of the Hilltop unit,[2]
nor about the 2005 and 2006 assessments of the Pirates' Pension
unit.

Frank asserts ten counts in his complaint. Count One asserts
a claim for preliminary and injunctive relief enjoining the
Government of the Virgin Islands (the "Government") from
collecting taxes until tax assessments have been determined in
accordance with 33 V.I.C. § 2301(a). Count Two asserts a
violation of 42 U.S.C. § 1983 ("section 1983") against Bernadette

---

[1] A Board hearing regarding the appeals of Frank's 2006 tax bills was
originally scheduled for February 26, 2009. At Frank's request, the
Administrative Hearing Officer granted a continuance of his hearing on the
2006 tax bills. On March 13, 2009 Frank also requested a continuance on the
day of the hearing, or in the alternative asked to appear telephonically.
Frank was denied his request for that continuance and appeared telephonically
at the hearing.

[2] Frank does not assert in his complaint that he mailed appeals for the
1999 and 2000 Hilltop unit assessments to the Board of Tax Review. However,
Frank asserts that he did mail a Request for Review to the Board on July 30,
2002. That Request for Review also states that Frank expected a refund related
to the violations of 33 V.I.C. § 2404 occasioned by the 1999 and 2000 tax
assessments of his Hilltop unit.

Williams ("Williams") because of alleged violations of substantive and procedural due process in the appraisal practices of the Tax Assessor's office. Count Three asserts a section 1983 claim against the Tax Assessor based on violations of the Equal Protection clause. Count Four asserts that the level of functioning of the Board of Tax Review is violative of due process. Count Five asserts a claim for refund for tax overpayments by taxpayers of 2006 tax bills. Count Six asserts an unjust enrichment claim. Count Seven asserts a fraud claim. Count Eight asserts a section 1983 claim against the Defendants because of an alleged denial of equal protection in the application of Act No. 6991 ("Act 6991"). Count Nine asserts a violation of 48 U.S.C. § 1574(a). Count Ten asserts a violation of the Privileges and Immunities Clause of the U.S. Constitution.

The Defendants seek relief pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 12(b)(1).

## II. <u>DISCUSSION</u>

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citing *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). All reasonable inferences are drawn in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d

Cir. 2004). A court must ask whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atlantic Corp.*, 127 S. Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* at 1964-65 (internal citations omitted). Thus, "[t]o survive a motion to dismiss, a . . . plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atlantic Corp.*, 127 S. Ct. at 1965). A statute of limitations defense may form the basis of a 12(b)(6) motion to dismiss "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 (3d Cir. 1994).

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n. 17 (3d Cir. 1977). In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

## III. **ANALYSIS**

**A. Jurisdiction**

**1. Subject Matter Jurisdiction**

The Government seeks dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government categorizes this action as essentially a writ of review and asserts that the Third Circuit has held that this Court lacks jurisdiction to review the determinations of the Board of Tax

Review. (Defs.' Mem. in Support of Mot. to Dismiss 6.) The
Government relies on *Moravian School Advisory Board of St.
Thomas v. Rawlings*, 70 F.3d 270, 273 (3d Cir. 1995), to support
that proposition.

In *Moravian School Advisory Board v. Rawlins,* 70 F.3d 270
(3d Cir. 1995), the Court of Appeals for the Third Circuit
addressed this Court's jurisdiction over claims involving local
matters. *Moravian Sch. Advisory Bd. v. Rawlins,* 70 F. 3d 270, 273
(3d Cir. 1995). The plaintiff who had previously been employed as
a teacher filed a complaint with the Virgin Islands Department of
Labor (the "Department of Labor"), alleging wrongful discharge.
A hearing officer heard her case and ruled in the plaintiff's
favor.

Thereafter, the Department of Labor filed a writ of review
with this Court. The plaintiff filed a motion to dismiss based
on lack of subject matter jurisdiction, which Moravian School did
not oppose. The Court then transferred the case to territorial
court.

In reviewing that transfer, the Third Circuit addressed the
change in the contours of this Court's jurisdiction following the
1984 amendment to 48 U.S.C. §§ 1611 and 1612[3]. Holding that this

---

[3]Congress amended § 1612 to vest jurisdiction in the district court over
"all causes in the Virgin Islands the jurisdiction over which is not then
vested by local law in the local courts of the Virgin Islands . . . ." 48

Court lacks jurisdiction over writs of review, the Third Circuit
noted that the cumulative impact of the 1984 amendments and
Virgin Islands' legislation enacted in response to those
amendments, is that "the district court was divested of
jurisdiction over local civil actions as of October 1, 1991." *Id.*
(citing *Brow v. Farrelly*, 994 F.2d 1027, 1034 (3d Cir. 1993)).

The Defendants argue that as in *Moravian*, the Court lacks
jurisdiction over this matter because Frank is improperly seeking
a writ of review in this Court. However, Frank's claims do not
merely seek a writ of review by this Court. *See* 5 V.I.C. § 1421
(defining a writ of review under Virgin Islands law as the
opportunity for "[a]ny party to any proceeding before or by any
officer, board, commission, authority or tribunal. . . to have
the decision or determination thereof reviewed for errors . . .
.") Rather, Frank asserts constitutional and federal law
violations in the Defendants' tax appraisal practices and the
functioning of the Board of Tax Review.

Congress has empowered district courts to exercise
jurisdiction over "all civil actions arising under the

U.S.C. § 1612(b). As to the jurisdiction of local courts, Congress also
amended § 1611 to empower the Virgin Islands legislature to "vest in the
courts of the Virgin Islands established by local law jurisdiction over all
causes in the Virgin islands" for which jurisdiction was not exclusively held
by federal courts. 48 U.S.C. § 1611(b). The Virgin Islands legislature in §
76(a) of the Virgin Islands Code vested "original jurisdiction in all civil
actions regardless of the amount in controversy" in the Superior Court. 4
V.I.C. § 76(a).

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether a case arises under federal law, courts must look to the plaintiff's well-pleaded complaint. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002). A case arises under federal law if a right or immunity created by the Constitution or laws of the United States is an essential element of the plaintiff's cause of action. *Christianson v. Colt Ind. Operating Corp.*, 486 U.S. 800, 809 (1988).

Here, Frank has pled violations of the Constitution and section 1983, claims arising under federal law. Therefore, this Court may appropriately exercise federal question jurisdiction over this matter. Moreover, the Third Circuit has recently reaffirmed this Court's jurisdiction over claims of constitutional violations caused by the Virgin Islands tax system. *See Berne Corp. v. Gov't of the V.I.*, 570 F.3d 130, 136 (3d Cir. 2009)("[T]he District Court would still retain jurisdiction over this matter because of the constitutional violations alleged on the face of the initial complaint."). As Frank presents such claims, this Court has jurisdiction over this matter.

### 2. Exhaustion of Administrative Remedies

The Defendants argue that Frank has not exhausted his administrative remedies with respect to his appeals of the 1998-

2000 and 2005 assessments for the Hilltop unit, and his appeals

of the 1998-2004 assessments for the Pirates' Pension Unit.

Because they allege he has failed to exhaust such remedies, they

seek dismissal of his claims:

> Nowhere in the Plaintiff's complaint has he alleged
> that he filed appeals for [the 1998-2000 tax] years.
> Furthermore, Plaintiff has not alleged that he filed
> any appeals challenging the assessment for the Pirates
> Pension unit for the period 1998-2004. Although
> Plaintiff has alleged that he filed appeals for the
> 2005 assessments of the Hilltop Villa Unit and the
> Pirates Pension unit, both appeals were untimely. In
> his Complaint Plaintiff alleges that he mailed his 2005
> appeals on September 17, 2007. However, the last day
> for filing an appeal of the 2005 real property tax
> bills was July 15, 2007. Since Plaintiff failed to file
> timely appeals, the Board had no authority to consider
> the appeals.

(Defs.' Mem. in Support of Mot. to Dismiss at 5-6.)(internal
footnotes and citations omitted).

The Supreme Court has determined that "exhaustion of state

remedies should not be required as a prerequisite to bringing an

action pursuant to § 1983". *Hohe v. Casey*, 956 F.2d 399, 409 (3d

Cir. 1992); *see also Felder v. Case*y, 487 U.S. 131 (1988).

Constitutional claims may also be exempt from the exhaustion of

administrative remedies requirement. *See Rankin v. Heckler*, 761

F.2d 936 (3d Cir. 1985)("[W]e have found a waiver of the

exhaustion of the administrative remedies requirement where the

claimant raises constitutional issues . . . . ")(footnote

omitted). Therefore, Frank's alleged failure to exhaust his administrative remedies as to his section 1983 and constitutional claims is not fatal.

The Defendants further contend that Frank has failed to exhaust his administrative remedies for his claims related to 2006 tax bills. They assert that on January 30, 2009, Watson-Anderson contacted Frank and scheduled a hearing on his appeals of the 2006 tax bills for the Hilltop and Pirates' Pension units. They note that Frank sought and received a continuance as to the hearing of his 2006 property tax bills until November 2009. Before that hearing date, Frank filed this action. As to Frank's section 1983 and constitutional claims involving his 2006 property tax appeals, Frank's failure to be heard on his appeals does not impair his ability to bring section 1983 and constitutional claims.

Frank's other 2006 related claim is a claim for refund of the money paid for his Hilltop and Pirates' Pension 2006 tax bills. 33 V.I.C. § 2522 ("Section 2522") provides that "the party paying the tax and public sewer system user fee under protest may, at any time within 60 days after making said payment, and not thereafter, sue the Lieutenant Governor for recovery of the amount paid in the court having competent jurisdiction." 33 V.I.C. § 2522. Section 2522 requires that

complaining taxpayers avail themselves of judicial remedies and does not provide an alternative administrative remedies process. Thus, there is no exhaustion of administrative remedies issue with respect to Frank's refund claim.

### 3. Mootness

The Defendants further argue that the Court lacks jurisdiction over Frank's claims related to the 2006 property tax bills, because his claims are not justiciable. In their motion to dismiss, the Defendants highlight this Court's September 11, 2008 Order in *Berne Corp. v. Government of the Virgin Islands*, Civ. No. 2000-141 (D.V.I. filed July 7, 2000) finding the Government in contempt and ordering the Defendants to rescind all 2006 tax bills issued at a rate other than the rate set forth in the May 12, 2003 Decree.  The Defendants note that "since the bills have been rescinded, Plaintiff's challenge is premature or mooted." (Defs.' Mem. in Support of Mot. to Dismiss 18.)

However, the Court addressed the Government's efforts to purge its contempt and rescind tax bills in the *Berne* case. There, the Government submitted Executive Order 443-2009, which rescinded Executive Order 441-2009. Executive Order 441-2009 set deadlines for payment, delinquency, and appeals of 2006 residential and commercial real property tax bills. As the Court noted in its September 25, 2009 Order in the *Berne* Case, by

rescinding Executive Order 441-2009, "[i]n essence, the Government has deferred the due date for the tax bills." *See Berne Corp. v. Gov't of the V.I.*, 2000-141 (D.V.I. Sept. 25, 2009). Notwithstanding the effect of rescission of Executive Order 441-2009, the Government has definitively stated its position that there is no obligation to pay the 2006 tax bills issued in 2008. *See id.*

However, Frank has already paid his 2006 tax bills. The Government has made no indication that they will return payments already tendered on the 2006 tax bills. As such, the Government has failed to establish that its discharge of an obligation to pay the tax bills after Frank tendered payment moots his refund claims.

## B. Abstention

The Defendants asserts that even if the Court finds it has jurisdiction, it should abstain from exercising its jurisdiction. They point to a parallel lawsuit pending in the Superior Court as providing a compelling reason for the Court's abstention.

"Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue." *Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Commission*, 791 F.2d 1111, 1114 (3d Cir. 1986)

(citation omitted). "The doctrine is rooted in concerns for the maintenance of the federal system and represents an extraordinary and narrow exception to the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) (quotation marks and citations omitted).

The circumstances in which abstention is appropriate, "are loosely gathered under discrete concepts of abstention named after leading Supreme Court Cases." *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004) (citation omitted).

> viz., "Pullman" (*Railroad Comm'n of Texas v. Pullman*, 312 U.S. 496, 85 L. Ed. 971, 61 S. Ct. 643 (1941)); "Burford" (*Burford v. Sun Oil Co.*, 319 U.S. 315, 87 L. Ed. 1424, 63 S. Ct. 1098 (1943)); "Younger" (*Younger v. Harris*, 401 U.S. 37, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)); and "Colorado River" (*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976)).

*Hi Tech*, 382 F.3d at 303.

The Government argues that the Court should abstain from hearing this case under the *Younger* abstention doctrine. *Younger* abstention is appropriate where federal jurisdiction is invoked for the purpose of restraining state proceedings. *Colorado River*, 424 U.S. at 816 (discussing *Younger*).

> The Court has set out a three-part test for determining whether *Younger* abstention is appropriate: "abstention

> is appropriate when: (1) there is a pending state
> judicial proceeding; (2) the proceeding implicates
> important state interests; and (3) the state proceeding
> affords an adequate opportunity to raise constitutional
> challenges."

*Hi Tech*, 382 F.3d at 305 (quoting *Zahl v. Harper*, 282 F.3d 204,

208 (3d Cir. 2002)).

In determining whether a state proceeding is ongoing for the

purposes of the first prong of the *Younger* test, a court looks to

whether any such proceedings are pending at the time of the

filing of the federal complaint. *See, e.g., FOCUS v. Allegheny

County Court of Common Pleas*, 75 F.3d 834, 843 (3d Cir.

1996)("Since [prior] proceeding had been terminated without an

adjudication of the constitutional issue at the time of the

filing of the federal complaint, *Younger* abstention was

improper."); *San Remo Hotel v. San Francisco,* 145 F.3d 1095, 1104

(9th Cir. 1998)("[O]ur inquiry on prong one of the *Younger* test

is not what is currently occurring in the state proceedings, but

is focused on the narrow question of whether they were pending at

the time the federal suit was filed.")(citations omitted). Here,

Frank filed his federal action prior to the filing of his

complaint in the Superior Court. As such, there was no Superior

Court proceeding pending at the time Frank filed his federal

complaint.  Accordingly, the Court does not find that interests

of comity and respect for territorial function militate in favor

of abstention.


## C. Statute of Limitations

### 1. Accrual

The Defendants assert that all of Frank's claims are time-barred. Frank's several claims each will be reviewed to determine whether they fall within the limitations period.

The Third Circuit has held that claims brought under 42 U.S.C. § 1983 in the Virgin Islands are subject to a two-year statute of limitations[4] provided for in 5 V.I.C. § 31(5)(A)[5], the

---

[4] In Frank's opposition to the Defendants' motion to dismiss, he argues in favor of the application of the statute of limitations period used for claims involving the breach of a court judgment or decree. He asserts that the Defendants violated a settlement agreement (the "*Berne* Settlement") approved by the Court in the *Berne Corp. v. Government of the Virgin Islands*, Civ. No. 2000-141 (D.V.I. filed July 7, 2000). Pursuant to 5 V.I.C. § 31(1)(B), a twenty year limitations period applies to violations of "a judgment or decree of any court of the United States." Frank's § 1983 claims arise from the Defendants' alleged violations of constitutional and federal law, not from the contract violation of the *Berne* Settlement. As such, Frank has failed to establish that the twenty-year limitations period is applicable. Frank, in the alternative, argues for the application of the six-year statute of limitations period used for a breach of contract pursuant to 5 V.I.C. § 31(3)(A). For similar reasons, his argument for the use of that limitations period for his § 1983 claims is unavailing.

[5] 5 V.I.C. § 31(5)(A) provides in pertinent part:
> Civil Actions shall only be commenced within the periods described below after the cause of action shall have accrued, except when, in special cases a different limitation is prescribed by statute:
> . . .
> (5) Two years-
>
> (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

Virgin Islands statute of limitations for personal injury claims. *See Callwood v. Questel*, 883 F.2d 272, 274 (3d Cir. 1989). The Third Circuit has similarly approved of the application of a state's personal injury limitations period to a procedural due process claim. *See Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)("[B]ecause Pennsylvania's statute of limitations for personal injury is two years, Sameric's due process claims are subject to a two-year statute of limitations." (citations omitted).

"Federal law which governs the accrual of section 1983 claims establishes that the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.,* 937 F.2d 899, 919 (3d Cir. 1991).

Here, Frank's claims fall into three categories: section 1983 claims resulting from constitutional violations in the tax appraisal practices of the Defendants, procedural due process claims resulting from constitutional violations in the operation of the Board of Tax Review, and claims related to the denial of equal protection of time-share owners in the application of Act 6991.

To determine whether Frank's claims against the Defendants are time-barred by the two-year statute of limitations, the Court

must determine when those claims began to accrue.  In the Virgin

Islands, the "discovery rule" may toll the applicable statute of

limitations where the injury is latent or is not readily

ascertainable. *See Joseph v. Hess Oil*, 867 F.2d 179, 182 (3d Cir.

1989); *Deleski v. Raymark Industries, Inc.*, 819 F.2d 377, 379 (3d

Cir. 1987); *Cowgill v. Raymark Industries, Inc.*, 780 F.2d 324,

332 (3d Cir. 1986); *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757

F.2d 548, 553 (3d Cir. 1985).  Under that rule, the applicable

statute of limitations will not begin to run until "the plaintiff

knew or should have known through the exercise of reasonable

diligence sufficient critical facts to put him on notice that (1)

he has been injured and (2) the actions or inactions of a

particular party could have been a cause of that injury." *In re

Tutu Wells Contamination Litig.*, 909 F. Supp. 980, 986 (D.V.I.

1995).[6]

---

[6] The Court of Appeals for the Third Circuit has recognized an exception
to the statute of limitations for claims that fall under the "continuing
violations" doctrine. *See Crawford v. Washington County Children and Youth
Srvs.,* 2009 WL 4048862, at *2 (3d Cir. Nov. 24, 2009). Under this exception,
"'[w]hen a defendant's conduct is part of a continuing practice, an action is
timely so long as the last act evidencing the continuing practice falls within
the limitations period; in such an instance the court will grant relief for
the earlier related acts that would otherwise be time barred.'" *Cowell v.
Palmer Township*, 263 F.3d 286,292 (3d Cir. 2001) (quoting *Brenner v. Local
514, United Bhd. of Carpenters & Joiners of Am.,* 927 F.2d 1283, 1295 (3d Cir.
1991)). Frank has not invoked the "continuing violations" doctrine here. As
the plaintiff bears the burden of proving that the "continuing violations"
exception applies to his case, in the absence of the plaintiff invoking the
doctrine the Court will decline to rule on its applicability to Frank's
claims. *See Heilman v. T.W. Ponessa & Assoc.,* 2009 WL 82707 at *4 (3d Cir. Jan
14, 2009)(citation omitted).

The discovery rule focuses not on "the plaintiff's actual knowledge, but rather on 'whether the knowledge was known, or through the exercise of diligence, knowable to'" the plaintiff. *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991) (quoting *O'Brien v. Eli Lilly & Co.*, 668 F.2d 704, 711 (3d Cir. 1981)). To demonstrate reasonable diligence, a plaintiff must "establish[] that he pursued the cause of his injury with those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others." *Mest v. Cabot Corp.*, 449 F.3d 502, 511 (3d Cir. 2006) (citation omitted; applying Pennsylvania law). "[W]here the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law." *Burton v. First Bank of Puerto Rico*, Civ. No. 554-2005, 2007 V.I. LEXIS 19, at *6 (V.I. Sup. Ct. July 19, 2007) (quoting *Vitalo v. Cabot Corp.*, 399 F.3d 536, 543 (3d Cir. 2005)).

Frank asserts that the Defendants' "willful and deliberate" disregard of the requirements of 33 V.I.C. § 2404(a)("Section 2404(a)") deprived him of his substantive and procedural due process rights. (Am. Compl. at 14.) With respect to Virgin Islands tax appraisal practices, the Virgin Islands Code requires that:

> In assessing the fair market value of real property,
> the Tax Assessor shall use the applicable standards
> promulgated by the International Association of
> Assessing Officers ('IAAO'), and shall promulgate such
> rules and regulation as necessary to implement the
> IAAO standards for all classifications of property set
> forth in section 2301(b) of this title.

33 V.I.C. § 2404(a). Here, Frank's section 1983 claims founded

upon improper assessment would have accrued when Frank had notice

that the taxes on his real property were not being assessed in

compliance with 33 V.I.C. § 2404.

In *Hondo, Inc. v. Sterling*, 21 F.3d 775 (7th Cir. 1994),

the Seventh Circuit addressed the triggering event for

limitations purposes of a section 1983 action challenging the

state of Indiana's rejection of the plaintiffs' requests for tax

abatements. In an effort to promote real estate development,

Indiana enacted tax abatement legislation which offered a tax

reduction or abatement to persons making improvements on Indiana

real estate in certain areas authorized by local governments. In

order to obtain such an abatement, a person seeking an abatement

is required to file an application for an abatement by the later

of: (1) May 10th of the year in which the improvements are

finished; or (2) thirty days after a form, tiled Notice of

Assessment to Land and Improvements is sent to the address on

record for the property owner.

In *Hondo*, the assessor incorrectly addressed notices of
assessment of improvements to plaintiff Hondo Incorporated and
plaintiff Metro Metals Corporations (collectively " the Hondo
plaintiffs"). When the plaintiffs subsequently filed applications
for tax abatements, the county auditor rejected the applications
as untimely. Lacking an administrative appeal option to challenge
the auditor's decision, the plaintiffs filed suit in state court
in Indiana.

Following the dismissal of Metro Metals' complaint in the
state court, the *Hondo* plaintiffs brought a section 1983 action
against the auditor in district court. The auditor moved to
dismiss these claims as time-barred. In assessing the appropriate
commencement date of the limitations period, the Court examined
the date at which the plaintiff knew or had reason to know of
their injury, "deprivation of a property right-in this case, a
tax abatement-without due process." *Hondo, Inc.*, 21 F.3d at 778.
The Seventh Circuit noted that "[w]hile it is unclear the exact
date that [the *Hondo* plaintiffs] knew that they were denied tax
abatements, it is clear that they knew of the injury when they
filed suit against [the tax auditor] in state court." *Id.*

Here, Frank sent an appeal of the 2001 assessment of his
Hilltop unit to the Board of Tax Review on September 4, 2002. In
his appeal, he stated: "My property has not been valued equitably

with similar type property within the same taxing jurisdiction."
(Ex. 6, Am. Compl.) As the reason for his appeal, Frank asserted
that the 2001 assessment of his Hilltop unit was "unreasonable,
excessive and discriminatory" and that his tax assessment was not
compliant with 33 V.I.C. § 2404. (Ex. 6, Am. Complaint). Frank
then could be said to have known of the substantive due process
and equal protection injuries related to appraisals at the time
he filed his appeals of those appraisals. *Cf. Hondo, Inc.*, 21
F.3d at 778. For all but the appeals of the 2005 and 2006 tax
bills for the Pirates' Pension and Hilltop units, more than two
years have elapsed since the date Frank mailed his appeal.[7]

Frank's section 1983 claims based upon the Board of Tax
Review failing to operate at constitutionally required levels
would have accrued when the Board of Tax Review deprived Frank of
procedural due process.

In *Zinermon v. Burch*, 494 U.S. 113 (1990), the Supreme Court
reviewed the procedural due process claim of a plaintiff who
challenged the appropriateness of the procedure used to admit him
to a state hospital as a "voluntary" mental patient while he was

---

[7] On December 8, 2008, Frank mailed his appeal of the 2006 assessments
of both the Pirates' Pension and Hilltop units. On September 15, 2007, Frank
mailed his appeals of the 2005 assessments of those units. Frank did not file
appeals for the Hilltop unit for the 1998-2000 tax years. As noted above,
Frank mailed his appeal of the 2001 assessment on September 4, 2002. Even if
that late date is used as the date of accrual for Frank's section 1983 claims
related to the 1998-2000 Hilltop assessments, those claims would be time-
barred.

heavily medicated. The hospital argued that the plaintiff had no
viable claim because his complaint alleged only a random,
unauthorized violation of Florida law on the admission of mental
patients. *Zinerman,* 494 U.S. at 115. The Court noted that the Due
Process Clause protects not only against the violation of
substantive rights, but "[i]n procedural due process claims . . .
what is unconstitutional is the deprivation of such an interest
*without due process of law." Id.* at 125(citation omitted). The
Court explained that "the constitutional violation actionable
under § 1983 is not complete when the deprivation occurs; it is
not complete unless and until the State fails to provide due
process." *Id.* at 126.

The Board of Tax Review long tarried in providing Frank a
hearing. Despite its failure to provide him a timely hearing,
Frank could have reasonably believed that the Board of Tax Review
would serve as an adequate procedural remedy once he was heard on
his appeals. Following his May 2009 hearing, Frank filed this
complaint alleging not only untimely hearings but other
procedural due process violations in the nature of the hearing
itself. After his hearing, the Board of Tax Review no longer
represented an apparently adequate forum to remedy his
objections.  As such, Frank's procedural due process claim
against Defendants for "the failure to provide a constitutionally

adequate method for review of real property taxes and a remedy
for overpayments" would have arisen when the state failed to
provide him due process at his March 13, 2009 Board of Tax Review
hearing. *Cf. Miles v. Trempealeau County*, 204 Fed. Appx. 570, 572
(7th Cir. 2006)(noting that plaintiff's due process claim based
on police failure to investigate plaintiff's claims about a
burglary "began to accrue on the date that [the plaintiff] knew
or should have known the burglary would remain uninvestigated.")
Accordingly, Frank's claims regarding the functioning of the
Board of Tax Review are within the two year statute of
limitations and are not time-barred.

Frank's section 1983 equal protection claims regarding Act
6991, arose well within the two-year period required by the
statute of limitations. Act 6991 was signed into law on March 10,
2008. Necessarily, any equal protection violation occasioned by
the passing of that Act and subsequent actions taken pursuant to
the Act, occurred within the limitations period. Accordingly,
Frank's section 1983 claim regarding Act 6991's violation of
equal protection is not time-barred.

## 2. Equitable Tolling

Frank argues that the statute of limitations period should
be tolled during the period he was availing himself of the Board
of Tax Review's appeals process.  The Third Circuit has counseled

that "[t]he doctrine of equitable tolling . . . should be applied

'sparingly.'" *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 591

(3d Cir. 2005)(citation omitted).

> There are three principal situations in which equitable
> tolling is appropriate: (1) where the defendant has
> actively misled the plaintiff respecting the
> plaintiff's cause of action, and that deception causes
> non-compliance with an applicable limitations
> provision; (2) where the plaintiff in some
> extraordinary way has been prevented from asserting his
> rights; or (3) where the plaintiff has timely asserted
> his or her rights mistakenly in the wrong forum.

*Id.* (citations omitted). In addition to presenting one of the

circumstances listed above, a plaintiff seeking equitable tolling

must demonstrate "reasonable diligence in attempting to

investigate and bring his claims." *LaCava v. Kyler*, 398 F.3d 271,

276 (3d Cir. 2005).

Frank does not argue that he has been actively misled or

that he mistakenly filed suit in the wrong forum. Instead, Frank

asserts that "the GVI should not be allowed to require a taxpayer

to file an appeal with an ineffectual governmental body and then

claim the benefit of a shortened statute of limitations period."

(Pl.'s Response in Opp. To the Defs. Mot. to Dismiss 7.)

In the employment discrimination context, the Supreme Court

has held that the tolling of a section 1981 claim was

inappropriate while a plaintiff pursues administrative remedies

with the Equal Employment Opportunity Commission ("EEOC").

*Johnson v. Ry. Exp. Agency, Inc.*, 421 U.S. 454 (1975); *See also*

*Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984)("Since

exhaustion of administrative remedies is not a prerequisite to

filing [a section 1983] suit, the statute [of limitations] would

not be tolled pending pursuit of administrative remedies but

would begin to run on the date the cause of action accrued.").

The appellant argued that a failure to toll in such instances

would undermine the broad remedial goals of Title VII by driving

a plaintiff to pursue a § 1981 claim prior to the resolution of

administrative remedies. *Johnson,* 421 U.S. at 465*.* The Court

responded that, "the fundamental answer to the petitioner's

argument lies in the fact-presumably a happy one for the civil

rights claimant-that Congress clearly has retained § 1981 as a

remedy against private employment separate and independent of the

more elaborate time-consuming procedures of Title VII." *Id.* at

466.  The Court further pointed out that plaintiff could have

filed his section 1981 claim at any point after it accrued, and a

failure to do so amounted to  plaintiff "sleeping on his rights."

The Court noted "[t]he fact that his slumber may have been

induced by faith in the adequacy of his Title VII is of little

relevance inasmuch as the two remedies are truly independent."

*Id.* at 466. Frank fails to provide contrary authority that

awaiting determination from an administrative hearing in this

instance presents the "extraordinary circumstances" that warrant
equitable tolling.

Frank has asserted a claim for refund of money paid to the
Government for 2006 tax bills. The Government asserts that
Frank's claim for relief is time-barred. They note that he failed
to file suit to recover his overpayment within sixty days of
making payment as required by 33 V.I.C. § 2522.

In 2008, the Government issued tax bills at the 2006 rate.
The Court found the Government's issuance of tax bills at the
2006 rate violative of the Court's May 12, 2003 Decree enjoining
the Government from issuing tax bills at a rate other than the
2002 rate. *See Berne Corp. v. Gov't of V.I.,* 2008 WL 4319973 *10
(D.V.I. 2008). The Government is attempting to constrain
taxpayers by applying its filing requirement to taxpayer
challenges of unlawfully issued tax bills. The Court will not
mechanically enforce the refund filing requirement as a bar to
appeals of these unlawfully issued tax bills.

## D. Unjust Enrichment Claim

Frank has asserted an unjust enrichment claim related to the
Government's issuance of 2006 property tax bills and his tender
of payment on these bills. An unjust enrichment claim may proceed
under a tort theory or under a quasi-contract theory. *See
Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris,*

*Inc.*, 171 F.3d 912, 936 (3d Cir. 1999)(noting that unjust enrichment may be invoked both when plaintiff seeks recovery of a benefit unlawfully retained under an unconsummated or void contract or as a result of defendant's tortious actions). As a tort cause of action, "an unjust enrichment claim is essentially another way of stating a traditional tort claim (i.e., if defendant is permitted to keep the benefit of his tortious conduct he will be unjustly enriched)." *Id*.

Here, the Defendants contend that Frank's unjust enrichment claim is a tortious claim against Government officials and should have been properly brought according to the mandatory filing requirements of the Virgin Islands Tort Claims Act. *See* V.I. Code Ann. Tit. 33 § 3408, et seq.[8] However, the plaintiffs are claiming unjust enrichment not on the basis of the Defendants' tortious conduct, but rather based on the law's creation of an obligation on the Government to not unjustly enrich itself in its taxation practices. Therefore, the plaintiff's unjust enrichment claim is a quasi-contract claim. The VITCA does not govern such a claim, and thus, Frank was under no obligation to comply with VITCA's filing requirements.

---

[8]The Virgin Islands Tort Claims Act ("VITCA") provides that it applies to "a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee . . . ." 33 V.I.C. § 3409.

## E. 48 U.S.C. § 1574 Claim

The Defendants move to dismiss Count Nine of Frank's Complaint which purports to assert a 48 U.S.C. § 1574(a)("Section 1574(a)") claim. They argue that the statute does not give rise to a private cause of action.

Section 1574(a) provides that "no laws shall be enacted which would impair rights existing or arising by virtue of any treaty or international agreement entered into by the United States, nor shall the lands or other property of nonresidents be taxed at a higher rate than the lands or other property of residents." 48 U.S.C. § 1574(a). The initial inquiry in determining whether a private right of action exists is whether the text of the statute itself expressly states a private right to file suit. *See Three Rivers Ctr. for Indep. Living v. Hous. Auth. of Pittsburgh,* 382 F. 3d 412, 420 (3d Cir. 2004). Here, the express language of Section 1574(a) proscribes certain laws from being enacted by the government and provides no such private right to sue.

If an explicit congressional mandate is lacking, the Court must next turn to Congress' intent in enacting a statute to evaluate whether it would be appropriate to infer a private right of action for the claimant. *See, e.g., Three Rivers Ctr. for Indep. Living*, 382 F.3d at 420 ("Congress's intent in enacting a

statute is always the 'focal point' in determining whether courts should infer a private right of action from the statute.") The legislative history of Section 1574(a) notes that this section "generally describes the extent of the legislature's power and limits public indebtedness to 10 percent of the aggregate tax valuation of the property in the islands." S. Rep. 83-1271, at 2594 (1954). There is no suggestion that Congress intended to create a private right to sue in a section designed to outline the parameters of the legislative power in the Virgin Islands.

In sum, the Court has found no authority for the cause of action that Frank asserts in Count Nine. Frank invites the Court to recognize a new cause of action. The Court will decline that invitation. Accordingly, Count Nine will be dismissed for failure to state a claim upon which relief may be granted.

**F. Equal Protection Claims**

The Defendants assert that Frank's claims based on the Defendants alleged violations of the Equal Protection Clause, should be dismissed because Frank has failed to plead any actionable violation of equal protection. The Equal Protection Clause provides that no state shall "deny to any person . . . the equal protection of its laws." U.S. Const. Amend. XIV, § 1. The Defendants argue that all time-share owners are taxed in the same manner.

In reviewing an equal protection claim, different standards of review govern different governmental action. Government actions involving suspect classifications based on race, alienage, or national origin or that infringe on a fundamental constitutional right require strict scrutiny review. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 449 (1985); *Doe*, 513 F.3d at 107. Actions not involving these circumstances are reviewed under the rational basis standard. *Janicki v. Elizabeth Forward Sch. District*, Fed. Appx. 530, 532 (3d Cir. 2003).

The Supreme Court has held rational basis to be the appropriate standard of review for equal protection claims related to the imposition of property taxes. *See Allegheny Pittsburgh Coal Co. v. County Comm'n of West Va.*, 488 U.S. 336 ([a] State may divide different kinds of property into classes and assign each class a different tax burden so long as those divisions are reasonable." ). Under rational basis review, a regulation will defeat an Equal Protection challenge if it is "reasonable, not arbitrary and bears a rational relationship to a (permissible) state objective." *Congregation Kol Ami v. Abington Township*, 338, 344 (3d Cir. 2004).

Here, Frank's equal protection claim relates to the classification of property not based on the property's

characteristics, but on the status of the holder of such

property, as a time-share owner or a non-time-share owner.

Specifically, Frank argues that the differential classification

accorded residential and time-share property stems from the fact

that the majority of time-share owners are non-residents of the

Virgin Islands.

In order to integrate the interests of rational basis review

and the liberal pleading standard of 12(b)(6), the Court of

Appeals for the Third Circuit has noted that a Court should

"accept as true all of the complaint's allegations, including all

reasonable inferences that follow, and assess whether they are

sufficient to overcome the presumption of rationality that

applies to the ordinance." *Rucci v. Cranberry*, *Tp., Pa.*, 130 Fed.

Appx. 572, 575 (3d Cir. 2005)(citations omitted).  Frank asserts

that the Defendants in the application of the millage rate

schedules set forth in Act 6991 tax time-share properties at

approximately four times the rate applied to other residential

properties. He argues that this different rate has no rational

basis and merely serves to discriminate against non-resident

time-share owners.

While a different outcome may be warranted at the summary

judgment stage, the Court finds that for 12(b)(6) purposes Frank

has adequately pled an equal protection violation.

## G. Privileges and Immunities Clause Claim

The Defendants argue for dismissal of Frank's claim brought pursuant to the Privileges and Immunities Clause of the United States Constitution. Specifically, they assert that Frank "has failed to allege that non-resident timeshare owners are taxed differently from timeshare owners who are resident of the Virgin Islands." (Defs.' Mot. to Dismiss 15.).

The United States Constitution provides that: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. CONST. art. IV, § 2. The Privileges and Immunities Clause does not prohibit disparate treatment of residents and non-residents in all situations, but "does bar discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States." *Toomer v. Witsell*, 334 U.S. 385, 396 (1948). "Without such discrimination . . . the Privileges and Immunities Clause is not implicated." *Everett v. Schneider,* 989 F. Supp. 720, 722 (D.V.I. 1997).

Here, Frank claims that the Virgin Islands taxation of owners of time-share properties violates the Privileges and Immunities clause. He has pled discrimination in the tax system's treatment of time-share owners. The Defendants counter that "all timeshare owners whether they are residents of the Virgin Islands

or not share the same burden of taxation." (Defs.' Mot. to Dismiss 15.) Though Defendants seek to confine the class of persons similarly situated to Frank to other time-share owners, Frank's complaint pleads differential treatment of Frank from the similarly situated class of residential property owners. As discussed above, Frank argues that the higher millage rates for time-share owners is based on the fact that many owners of such property are not residents of the Virgin Islands. Taking Frank's allegations as true, as the Court must, he has adequately pled a violation of the Privileges and Immunities clause.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the Defendants' motion to dismiss in part, and deny the motion in part. The Court will grant the Defendants' motion to dismiss insofar as it seeks dismissal of claims related to the Defendants' tax appraisal practices for the 1998-2004 assessments of the Hilltop unit. With respect to Frank's section 1983 claims based on the 2005 and 2006 assessments of the Hilltop and Pirates' Pension units, the Court will deny the Defendants' motion. The Court will dismiss Frank's fraud claim as he concedes to its dismissal. The Court will dismiss Frank's 48 U.S.C. § 1574 claim because he lacks a private right of action under that statute. In all other respects, the Court will deny the

Defendants' motion. An appropriate Order of even date follows.

S\_____

**CURTIS V. GÓMEZ**
**Chief Judge**