IRA L. FRANK, and ALL        )
SIMILARLY SITUATED PERSONS   )
                             )
              Plaintiff,     )
                             )
        v.                   )
                             )      Civil No. 2009-66
GOVERNMENT OF THE VIRGIN     )
ISLANDS, and BERNADETTE      )
WILLIAMS, acting tax assessor )
                             )
              Defendants.    )
_____

ATTORNEYS:

**Joseph A. DiRuzzo, III, Esq.**
St. Thomas, U.S.V.I.
    *For the plaintiff.*

**Carol Thomas-Jacobs, Esq.**
St. Thomas, U.S.V.I.
    *For the defendants.*


**MEMORANDUM OPINION**


Before the Court is the motion of Ira Frank ("Frank") for class certification pursuant to Federal Rule of Civil Procedure 23(b)(2) or in the alternative pursuant to Federal Rule of Civil Procedure 23(b)(3).

## I. FACTS

Frank is the owner of a fractional interest in two residential real properties on St. Thomas. His interest in these properties is commonly known as time-share ownership. The first

time-share property is known as Bluebeard's Castle Hilltop Unit
214, week 46, Tax Assessor's Parcel Identification number 1-
05402-1034-BT (the "Hilltop unit"). The second is known as
Bluebeard's Castle Pirates' Pension Unit 407, week 31, Tax
Assessor's Parcel Identification number 1-05402-1043-PE (the
"Pirates' Pension unit").

Frank received tax bills for the 1998-2006 tax years for the
Hilltop unit and for the 2005 and 2006 tax years for the Pirates'
Pension unit. He asserts that substantially similar units at the
Hilltop and Pirates' Pension properties received widely varying
assessment values.  After tendering payment for his tax bills for
these units, he requested review of several assessments by
sending appeals to the Virgin Islands Board of Tax Review ("Board
of Tax Review").

In 2001, 2002, 2003, and 2004 the Hilltop unit was assessed
at $14,247, $14,510, $14,510, and $ 14,309, respectively. Frank
appealed these assessments to the Board of Tax Review (the
"Board"). He also appealed the 2005 and 2006 tax bills for the
Hilltop unit and the 2005 and 2006 tax bills for his Pirates'
Pension unit. Frank alleges that he did not receive a timely
hearing for any of his appeals, and furthermore, was not provided
a hearing within sixty days of filing as required under Virgin
Islands law.

On March 13, 2009, the Board of Tax Review heard Frank's appeals for the Hilltop 2001-2004 tax assessments.

Following the March 13, 2009 the Board reduced the assessment for the years 2001, 2002, and 2003 to $7,000 for each year. The assessment for 2004 was reduced to $6,000. Frank avers that he has not yet received a refund of the amount he has overpaid in taxes given the reductions in his assessed values. Frank also notes that he has not yet received any determination about the 1999, 2000, and 2006 assessments of the Hilltop unit, nor about the 2005 and 2006 assessments of the Pirates' Pension unit.

Frank asserts ten counts in his complaint. Count One asserts a claim for preliminary and injunctive relief enjoining the Government of the Virgin Islands ("the Government") and Tax Assessor, Bernadette Williams ("Williams")(collectively "the Defendants") from collecting taxes until tax assessment has been determined in accordance with 33 V.I.C. § 2301(a). Count Two asserts a violation of 42 U.S.C. § 1983 ("section 1983") because of violations by Williams of substantive and procedural due process in the appraisal practices of the Tax Assessor's office. Count Three asserts a section 1983 claim based on violations of the Equal Protection clause committed by the Tax Assessor's office. Count Four asserts that the level of functioning of the

Board of Tax Review is violative of due process. Count Five

asserts a claim for refund for tax overpayments by taxpayers of

2006 tax bills. Count Six asserts an unjust enrichment claim.

Count Seven asserts a fraud claim. Count Eight asserts a section

1983 claim because of a denial of equal protection in the

application of Act No. 6991 ("Act 6991"). Count Nine asserts a

violation of 48 U.S.C. § 1574(a). Count Ten asserts a Privileges

and Immunities Clause of the U.S. Constitution claim.  Frank now

moves for class certification under Federal Rule of Civil

Procedure 23(b)(2), or in the alternative Federal Rule of Civil

Procedure 23(b)(3).


## II. <u>DISCUSSION</u>

To gain class certification, a class must meet the

requirements of Rule 23(a). *Baby Neal v. Casey,* 43 F.3d 48, 55

(3d Cir. 1994). The party seeking certification must show that it

meets all of the class prerequisites set forth in Rule 23(a):

> (1)the class is so numerous that joinder of all members
> is impracticable;
> (2) there are questions of law or fact common to the
> class;
> (3) the claims or defenses of the representative
> parties are typical of the claims or defenses of the
> class; and
> (4) the representative party will fairly and adequately
> protect the interests of the class.

Fed. R. Civ. P. 23(a). "In addition to satisfying the

requirements of 23(a), a putative class must also comply with one of the parts of subsection (b)." *Baby Neal,* 43 F.3d at 55-56.

## III. **ANALYSIS**

### A. **Federal Rule of Civil Procedure 23(a) Criteria**

#### 1. **Numerosity**

The first requirement for class certification is that the putative class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no specific number of putative class members that automatically satisfies the numerosity requirement, a potential class greater than forty members is generally deemed sufficient. *In re Janney Montgomery Scott LLC Financial Consultant Litigation*, 2009 WL 2137224 *4 (E.D. Pa 2009)(citations omitted).

Here, the putative class is all Virgin Islands real property owners who own their real property interests as time-shares. Frank has provided an estimate of the number of time-share property holders at one time-share resort of which he is a timeshare holder, the Pirates' Pension location.[1] The Third

---

[1] Plaintiff's Motion to Certify also presents a non-exhaustive list of twenty other time share resorts that exist on St. Thomas, St. John, and St. Croix. (Pl.'s Mot. to Certify as Class Action).

Circuit has recognized the appropriateness of estimates in establishing numerosity. *See Davis v. Thornburgh,* 903 F.2d 212, 233 n.19 (3d Cir. 1990)(using census data on the number of residents in Delaware County, Pennsylvania and extrapolating that a conservative estimate of the number of women in Delaware County that had put children up for adoption using private intermediaries, would exceed the presumptive numerosity threshold of forty). Assuming that there are generally fifty-two interval weeks to a unit, and twenty eight units at Pirates' Pension, there would be 1456 interval weeks for the units at Pirates' Pension. Given the several other time share resorts that exist in the Virgin Islands in addition to Pirates' Pension, the number of timeshare owners owning timeshare property for at least one interval week per year, far exceeds forty. In light of the high number of such owners with potential claims, proceeding without joinder of these claims would be a cumbersome task. Thus, Frank has satisfied the numerosity requirement of Rule 23(a)(1).

## 2. Commonality

Under Federal Rule of Civil Procedure 23(a)(2), a class action may be pursued only if "there are questions of law and fact common to the class." Fed. R. Civ. P. 23(b)(3). "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of

the prospective class." *Baby Neal for and by Kanter v. Casey*, 43

F.3d 48, 56 (3rd Cir. 1994)(citing *In re "Agent" Orange Prod.*

*Liab. Lit.,* 818 F.2d 145, 166-67 (2d Cir. 1987); *Weiss v. York*

*Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984)). "The threshold of

'commonality' is not high." *Jenkins v. Raymark Industries, Inc.*,

782 F.2d 468, 472 (5th Cir. 1986). Moreover, commonality under

Rule 23(a)(2) does not demand "complete congruence." *In re First*

*Alliance Mortgage Co.,* 471 F.3d 977, 990 (9th Cir. 2006).

Here, Frank has raised common questions about the

Defendants' treatment of time-share owners in the application of

Virgin Islands tax practices. He challenges the method used to

calculate tax assessments of time-share units. Specifically,

Frank asserts that the Defendants should assess time-share

property on a yearly basis, instead of the week-to-week basis

previously used. Frank further argues that the Defendants have

discriminated against time-share owners as a group. He alleges

that time-share owners are being taxed at a higher rate than non-

time-share properties because of the non-resident status of many

time-share owners. In light of the several common questions of

law and fact that unite the time-share taxpayers of the Virgin

Islands, the Court finds that Frank has met the commonality

requirement of Rule 23(a)(2).

## 3. Typicality

"The typicality inquiry centers on whether the interests of
the named plaintiffs align with the interests of the absent
members." *Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir.
2001)(citations omitted). "[C]ases challenging the same unlawful
conduct which affects both the named plaintiffs and the putative
class usually satisfy the typicality requirement irrespective of
the varying fact patterns underlying the individual claims." *Baby
Neal,* 43 F.3d at 58 (citation omitted).

Frank is a time-share owner of two time share properties in
the Virgin Islands. Though the individualized facts of the tax
assessment for his Hilltop Villas and Pirates' Pension units may
differ from those of other time-share owners, Frank claims attack
the Government's tax practices in the treatment of time-share
owner taxpayers generally. The Third Circuit has emphasized that
"[f]actual differences will not defeat typicality *if* the named
plaintiffs' claims arise from the same event or course of conduct
that gives rise to the claims of class members and are based on
the same legal theory." *Danvers Motors Co., v. Ford Motor Co.*,
543 F.3d 141, 150 (3d Cir. 2008)(citing *Beck v. Maximus, Inc.*,
457 F.3d 291, 296 (3d Cir. 2006)). Here, all the class members
would have been affected by the Government's alleged
discriminatory treatment of time-share owners. Accordingly, Frank

has met the typicality requirement of 23(a)(3).

## 4. Adequacy of Representation

Federal Rule of Civil Procedure 23(a)(4) ensures that in a class action, "the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(4). The adequacy criterion "serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Prods., Inc., v. Windsor*, 521 U.S. 591, 625 (1997). The adequacy analysis also takes account of "the competency and conflicts of class counsel." *Id.* at 626.

Frank is pursuing this action in his capacity as a time-share owner of property in the Virgin Islands. In litigating this action, the advancement of Frank's interest as a taxpayer would be married to the success of his claims for the entire class of time-share taxpayers.

As to class counsel, no apparent conflict exists with respect to proposed class counsel, Attorney Joseph DiRuzzo and the interests of the class of Virgin Islands time-share taxpayers. Furthermore, Attorney DiRuzzo avers that he has experience with cases involving tax refunds as well as has served as counsel in several tax shelter cases. Given that Frank's claims are appropriately similar to those held by those of the putative class and there is no impediment to class counsel's

representation of the class, the Court finds that Frank has

satisfied the adequacy requirement of Rule 23(a)(4).


## B. Federal Rule of Civil Procedure 23(b)(2)

Federal Rule of Civil Procedure 23(b)(2) provides that a

class action may be maintained if all the requirements of 23(a)

are met, and if "the party opposing the class has acted or

refused to act on grounds that apply generally to the class, so

that final injunctive relief or corresponding declaratory relief

is appropriate respecting the class as a whole." FED. R. CIV. P.

23(b)(2). Class actions certified under Rule 23(b)(2), are

appropriate for those cases where the main relief sought is

injunctive or declaratory relief. *Barabin v. Aramark Corp.,* 2003

U.S. App. LEXIS 3532 *4 (citing *James v. Dallas*, 245 F. 3d 441,

571 (5th Cir. 2001)("To maintain an action under Rule 23(b)(2)

[injunctive] relief rather than monetary damages must be the

predominant form of relief the plaintiffs pursue.")(internal

citations and quotations omitted).

Civil rights cases have been deemed particularly appropriate

actions for certification under Rule 23(b)(2). *See e.g.,* *Amchem*

*Prods. Inc.*, 521 U.S. 591 (1997) ("Civil rights cases against

parties charged with unlawful, class-based discrimination are

prime examples [of permissible actions certified under Rule

23(b)(2)].”); *Vallario v. Vandehey*, 445 F.3d 1259, 1269 (10th
Cir. 2009)(“No doubt exists that Rule 23(b)(2) was intended in
large part, ‘to enable civil rights class actions. . . .”); *In re
Community Bank of N. Va.*, 418 F.3d 277, 302 n.14 (3d Cir.
2005)(noting that civil rights actions alleging class-based
discrimination are well-suited to certification under Rule
23(b)(2)). However, even in civil rights cases, the Third Circuit
has militated against Rule 23(b)(2) certification where “the
appropriate final relief relates exclusively or predominantly to
money damages.” *Chiang v. Veneman*, 385 F.3d 256, 264 n.6 (3d Cir.
2004) (quoting Advisory Committee Notes to Rule 23(b)(2)).

Here, among the claims Frank is advancing, are civil rights
claims related to the Government’s alleged violations of due
process and equal protection. The primary relief Frank seeks is
injunctive and declaratory relief for time-share taxpayers. He
requests preliminary injunctive relief enjoining the defendants
from collecting real property taxes until assessments comply with
V.I.C. § 2404 and assessment practices are constitutional.
Additionally, he seeks declaratory relief establishing that the
Board of Tax Review is not operating at constitutionally required
levels. Further, he seeks declaratory relief that the millage
rates and intervals used for the tax assessment of time-share
property were improper and that the Defendants’ taxation

practices violated the Privileges and Immunities Clause of the
United States Constitution.

Frank seeks monetary relief in the form of refunds for time-
share taxpayers' overpayment of taxes that he alleges were
erroneously assessed. He also seeks refunds of 2006 tax bills
that have already been paid by time-share owner taxpayers.

Frank's claims seek both equitable and monetary relief.
Therefore, the Court must examine if Frank's requests for
monetary relief predominate in this matter to determine if
certification under Rule 23(b)(2) would be appropriate. *See* Fed.
R. Civ. P. 23(b)(2), advisory committee's 1966 Amendment. ("[t]he
subdivision does not extend to cases in which the appropriate
relief relates exclusively or predominantly to money damages.")

In *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir.
1998), the Court of Appeals for the Fifth Circuit addressed an
interlocutory appeal of a district court's refusal to certify a
class of African-American employees challenging the employment
practices of Citgo Petroleum Corporation as racially
discriminatory. The district court judge in *Allison* adopted the
magistrate judge's report and recommendation, finding Rule
23(b)(2) certification inappropriate because monetary claims
predominated in the action. The Fifth Circuit held that monetary
relief predominates in a class action suit unless monetary

damages are incidental to the equitable relief sought. The court

defined as incidental, "damages that flow directly from liability

to the class *as a whole* on the claims forming the basis of the

injunctive or declaratory relief." *Id.*(citing FED. R. CIV. P.

23(b)(2)). When attempting to identify if monetary relief is

incidental, the Court noted that "liability for incidental

damages should not require additional hearings to resolve the

disparate merits of each individual's case; it should neither

introduce new and substantial legal or factual issues, nor entail

complex individualized determinations." *Id.*

In this case, the incidental damages of the revised tax

value appraisals and tax refund valuations would all flow from

the Government's liability related to its alleged discriminatory

treatment of time-share taxpayers. However, the application of

the relief Frank seeks of individual tax refunds, would entail

precisely the type of complex, individualized determinations that

the *Allison* court concluded were non-incidental.

In *Johnson v. Geico Cas. Co.*, 2009 WL 5173486 (D. Del. Dec.

30, 2009), a plaintiff sought certification for a class of

insurance policy-holders. The plaintiff brought a nine-count

complaint, asserting several claims including breaches of

insurance contracts, bad faith breaches of insurance contracts

breach of fair dealing, and common law fraud as a result of the

defendants' denial of coverage issued as part of plaintiff's insurance contracts. The *Johnson* court determined that the monetary damages sought were not incidental because at the time of certification it was "unclear . . . whether a determination of damages for class members would require additional hearings and would depend in part on the individual class members' circumstances." *Johnson*, 2009 WL 5173486, at * 7. Consequently, the *Johnson* court determined that the plaintiffs' claims for monetary relief were not incidental, and thus certification under Rule 23(b)(2) was inappropriate. Here, as in *Johnson*, the individualized calculation of damages necessary to determine the taxpayers' injuries militate against Rule 23(b)(2) certification.

In sum, Frank's claims for monetary relief would predominate over his claims for equitable relief. In light of his failure to satisfy Rule 23(b)(2)'s equitable relief predominance requirement, the Court finds that class certification under Rule 23(b)(2) would be inappropriate here.

## C. Federal Rule of Civil Procedure 23(b)(3)

Frank also seeks certification of this matter as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) ("Rule 23(b)(3)"). Certification pursuant to Rule 23(b)(3) is appropriate only when the court "finds that the questions of law or fact common to class members predominate over any questions

affecting individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). "The twin requirements of Rule 23(b)(3) are known as predominance and superiority." *In re Hydrogen Peroxide*, 552 F.3d at 310.

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). Rule 23(b)(3)'s predominance requirements present a "far more demanding" standard than Rule 23(a)'s commonality requirement. *Id.* Issues shared by the class as a whole must take precedence over individual issues. *In re Prudential Ins. Co. Am. Sales Practice Litig.,* 148 F.3d 283, 313-14 (3d Cir. 1998). Given that the nature of the evidence necessary to determine an issue drives whether the issue is common to the class or individual, a district court must make some prediction as to how specific issues will present in order to make a decision about whether class-wide or individual issues will predominate in a matter. *In re Hydrogen Peroxide*, 552 F.3d at 311.

Frank's constitutional and section 1983 claims are rooted in the Government's disparate treatment of time-share real property owners as a class. For instance, the issues related to

improper appraisal practices and assessment of time-share property on weekly intervals, are common to all time-share owners. Moreover, the equal protection claims challenge the Government's discrimination of time-share owners based upon the non-resident status of the collective of time-share owners. Though taxpayers may present individual questions about the assessment of their property, time-share taxpayers are challenging the Defendants' treatment of individual taxpayers as a function of their status as time-share owners.

In *Georgine v. Amchem Prods., Inc.*, the Court of Appeals for the Third Circuit analyzed the appropriateness of 23(b)(3) certification for a class of individuals exposed to a variety of asbestos products. The plaintiffs were seeking to form a class to enter into a settlement agreement with manufacturers of asbestos-related products. *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610 (3d Cir. 1996). The Third Circuit noted that there were common questions related to the plaintiffs claims of exposure and related to the defendants' liability as manufactures. However the Court concluded that despite shared issues, common questions of law and fact did not predominate. "[c]lass members were exposed to different asbestos-containing products, for different amounts of time, in different ways and over different periods." *Id.* at 626. The common questions that time-share owners present are not

similarly undone by variances in individual claims. Though
individual time-share owners may assert claims involving
different property tax assessments from different years, those
differences are trumped by the class' claims challenging the
systemic defects in the operations of the Tax Assessor and Board
of Tax Review. Accordingly, unlike in *Georgine*, the differences
in the plaintiff's claims would be minor as compared to their
significant similarities.

In *Cliett v. City of Phila.*, a district court addressed a
request for class certification from plaintiffs who had been
subject to a police stop and frisk action in a high-crime area.
*Cliett v. City of Phila.*, 1985 WL 3181 (E.D.Pa. Oct. 17, 1985).
The Philadelphia Police Department engaged in a police operation
initiating such stops of individuals solely on the basis of their
presence in the high crime-area. The Plaintiffs challenged the
police operation as unconstitutional and sought monetary damages.

They moved to be certified as a class pursuant to Rule
23(b)(3) in order to pursue the claims. The Court approved their
request for certification noting that "where plaintiffs have
alleged that the police have engaged in a presumptively invalid
procedure . . . a 23(b)(3) class is appropriate since the
liability which the plaintiffs seek to establish is based on the
operation itself rather than on the circumstances surrounding

each individual stop or arrest." *Cliett*, 1985 WL 3181, at * 2.

Here as in *Cliett*, the putative class shares common claims based on the Defendants' operations. The same type of injuries, such as erroneous assessments and denial of equal protection and due process, unite the class. As such, the Court finds that Frank's claims satisfy the higher standard of predominance.

Superiority requires the Court "to balance, in terms of fairness and efficiency, the merits of a class action against those of 'alternative available methods of adjudication." *Georgine v. Amchem Prods. Inc.,* 83 F.3d 610, 632 (3d Cir. 1996), *affirmed*, 521 U.S. 591 (1997)(citing *Katz v. Cart Blanche Corp.,* 496 F.2d 747, 757 (3d Cir.)(en banc), *cert. denied*, 419 U.S. 885 (1974). Federal Rule of Civil Procedure 23(b)(3) provides that issues relevant to the superiority analysis include:

> A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; [and] (D) the difficulties likely to be encountered in the management of a class action.

FED. R. CIV. P. 23(b)(3) (2010).

Though individual time-share owners may have an interest in exercising their own authority in pursuing a time-share tax claim, the costs of bringing such a claim as

an individual would likely prove burdensome. Frank asserts
that "the monetary amounts at stake for most time share
owners will be in the hundreds of dollars and perhaps at
most under ten thousand dollars." (Pl. Mot. for Class Cert.
11.)

Rule 23(b)(3) is particularly well-suited for cases
where the potential recovery for an individual claim is
small relative to costs and effort of bringing suit. *See,
e.g., In re Warfarin Sodium Antitrust Lit.*, 391 F.3d 516 (3d
Cir. 2004) (recognizing the utility of a class action suit
for consumers challenging a pharmaceutical drug manufacturer
anti-competitive practices because "each consumer has a very
small claim in relation to the cost of prosecuting a
lawsuit"); *In re Prudential Ins. Co. of Am. Sales Practices
Litig.*, 962 F. Supp. 450, 522-23 (D.N.J. 1997)("The class
action device may allow plaintiffs to 'pool claims which
would be uneconomical to litigate individually.'")(citations
omitted).

Moreover, although actions challenging the
constitutionality of the Tax Assessor and Board of Tax
Review's practices have been ongoing for more than a decade,
no prior action addressing the particular concerns of time-
share taxpayers exists.

As to the appropriateness of this Court as a forum, this matter involves federal questions arising from actions having occurred in the Virgin Islands. This court represents a suitable forum for such federal questions. Finally, certification of this matter as a class action would join the many constitutional and section 1983 claims of time share taxpayers in a singular action. Class adjudication would likely save time and resources, given the large number of potential class members. *See Hanlon v. Aramark Sports, LLC* 2010 WL 374765, at * 5 (W.D. Pa. Feb. 13, 2010)(favoring the adjudication of a corporation's violation of the Fair Credit Report Act in a case involving 5,000 potential class members); *See In re Am. Investors Life Ins*. *Co. Annuity*, 263 F.R.D. 226 (E.D. Pa. 2009)("[C]lass adjudication saves time, effort and the expense of litigating the claims of approximately 387,000 class members."). Therefore, the superiority analysis favors class certification. Given that the "twin requirements" of Rule 23(b)(3) are met, Frank has demonstrated that Rule 23(b)(3) certification is appropriate here.

## IV. CONCLUSION

For the foregoing reasons, Frank's motion for class certification of the instant action pursuant to Federal Rule

of Civil Procedure 23(b)(3) is **GRANTED.** An appropriate Order

follows.